UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN KNUTSON, | CASE NO. C25-0855JLR |
| Plaintiff, | ORDER |
| v. | |
| DAVID JOHANSSON, | |
| Defendant. | |

Before the court is Plaintiff Kevin Knutson's motion for leave to amend his complaint. (MTA (Dkt. # 20) at 1-6; *see* Prop. SAC (Dkt. # 20) at 7-30; *see also* Compl. (Dkt. # 1).) Defendant David Johansson did not respond to the motion.[1] (*See generally* Dkt.) The court has considered Mr. Knutson's motion, the relevant portions of the

---

[1] "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

ORDER - 1

record, and the applicable law. Being fully advised, the court GRANTS Mr. Knutson's motion.

Rule 15(a)(2) provides that, at this stage in the litigation, Mr. Knutson may amend his complaint "only with [Mr. Johansson's] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires[,]" *id.*, unless the proposed amendment to a pleading does not relate back to the date of the original pleading, Fed. R. Civ. P. 15(c). To decide whether to grant leave to amend, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (concluding that a trial court did not abuse its discretion by permitting a party to amend its complaint when such amendment is not futile, untimely, or prejudicial). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Mr. Knutson moves the court for leave to add claims for (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); (2) false endorsement under the Lanham Act, 15 U.S.C. § 1125(a); and (3) violation of the Washington State Personality Rights Act ("WSPRA"), RCW 63.60.010 *et seq*. (*See* MTA at 1; *see also* Prop. SAC.) Because Mr. Johansson did not oppose the motion to amend and because the court concludes that amendment is proper, the court GRANTS Mr. Knutson's motion (Dkt.

1  # 20) and ORDERS him to file his second amended complaint by **Thursday, January
2  29, 2026 at 5:00 P.M. (PT).**

Dated this <u>8th</u> day of January, 2026.

                                    JAMES L. ROBART
                                    United States District Judge

ORDER - 3